IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FACTORY DIRECT, INC., an Oklahoma Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SERTA, INC., a Delaware Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. CIV-23-00477-JD<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Defendant Serta, Inc.'s Unopposed Motion for Leave to File Documents Under Seal ("Motion"). [Doc. No. 83]. For the reasons stated below, the Court GRANTS the Motion.

Defendant has moved the Court to file its Motion and Brief in Support of its Motion for Summary Judgment and the Declaration of Cameron MacLaughlan with limited redactions. The Motion further requests leave of Court to file the below listed Exhibits to the Declaration of Johanna M. Wilbert and Declaration of Cameron MacLaughlan under seal. The Motion states counsel for Plaintiff do not oppose this request. Motion at 1.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Parties may not unilaterally restrict public access to documents filed in the courts by deeming an agreement "confidential" or marking a document "confidential" and therefore subject to a protective

order. *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241–42 (10th Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

However, "the presumption of access can be rebutted if countervailing interests heavily outweigh the public interests in access." *Mann*, 477 F.3d at 1149 (citations omitted). A movant must establish that the interest in restricting the public's access to specific information in their case "outweighs the public interest in access, particularly . . . [where] the parties themselves placed these [documents] at the center of th[e] controversy. . . ." *Colony*, 698 F.3d at 1241 (denying motions to file parts of briefs and appendices under seal where basis of motions was confidentiality provisions in settlement agreement).

At this time, Defendant may file its Motion and Brief in Support of its Motion for Summary Judgment and the Declaration of Cameron MacLaughlan with limited redactions. Defendant may also file, in unredacted form, a copy of its Motion and Brief in Support of its Motion for Summary Judgment, the Declaration of Cameron MacLaughlan, and the following exhibits to its Motion and Brief in Support of its Motion for Summary Judgment under seal consistent with the Western District of Oklahoma's ECF Policies and Procedures Manual and this *Court's Guidelines for Protective Orders on Confidentiality, Sealing Documents, and Redactions in Civil Cases*:

1) Exhibit 1 to the Declaration of Johanna M. Wilbert containing excerpts from the deposition transcript of Kerry Tramel;

2) Exhibit 2 to the Declaration of Johanna M. Wilbert, Lines 81:1–8 of the deposition transcript of Laura Brewick;

3) Exhibit 3 to the Declaration of Johanna M. Wilbert, Lines 47:19–52:19 of the deposition transcript of Cameron MacLaughlan and the associated Exhibit 4 to the deposition of Cameron MacLaughlan;

4) Exhibit 6 to the Declaration of Johanna M. Wilbert containing excerpts from the deposition transcript of Krista Holt;

5) Exhibit 1 to the Declaration of Cameron MacLaughlan containing highly confidential strategy and analysis of the Serta brand based on Serta's consumer research;

6) Exhibit 2 to the Declaration of Cameron MacLaughlan containing highly confidential consumer research and analysis relating to the strength of the Serta brand;

7) Exhibit 3 to the Declaration of Cameron MacLaughlan containing consumer research with highly confidential strategic analysis related to Serta's branding and marketing;

8) Exhibit 4 to the Declaration of Cameron MacLaughlan containing highly confidential consumer research and strategic analysis related to consumer interests and Serta's marketing strategy;

9) Exhibit 5 to the Declaration of Cameron MacLaughlan containing highly confidential information about Serta's advertisement testing and strategic marketing analysis about the same;

10) Exhibits 7 and 8 to the Declaration of Cameron MacLaughlan containing internal planning documents showing Serta's strategic analysis and marketing strategy related to the development and launch of the iComfortEco brand;

11) Exhibit 9 to the Declaration of Cameron MacLaughlan containing an internal Serta document showing Serta's detailed wholesale and retail pricing for Serta's iComfortEco mattresses; and

12) Exhibit 10 to the Declaration of Cameron MacLaughlan containing an internal Serta document showing Serta's internal consumer research and related strategic analysis for marketing its products.

Upon its review of the Motion and given the public interest in Court filings, this Order may be revisited, modified, or vacated at any time until the conclusion of this litigation. If, upon its review and consideration, the Court intends to unseal any of these filings, it will give the parties an opportunity to be heard before any filings are unsealed.

IT IS SO ORDERED this 21st day of October 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE