IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FACTORY DIRECT, INC., <br> an Oklahoma Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SERTA, INC., a Delaware Corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-23-00477-JD <br> ) <br> ) <br> ) <br> ) |

## **ORDER**

Before the Court is Defendant Serta, Inc.'s ("Serta") Unopposed Motion for Leave to File *Daubert* Motion Replies Under Seal ("Motion"). [Doc. No. 137]. Serta seeks to file its replies under seal and with limited redactions because the replies cite to and directly quote from previously sealed documents, including documents that disclose the parties' confidential financial and competitive business information. *See* Motion at 1. For the reasons stated below, the Court GRANTS the Motion.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Parties may not unilaterally restrict public access to documents filed in the courts by deeming an agreement "confidential" or marking a document "confidential" and therefore subject to a protective order. *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241–42 (10th Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

However, "the presumption of access can be rebutted if countervailing interests heavily outweigh the public interests in access." *Mann*, 477 F.3d at 1149 (citations

omitted). A movant must establish that the interest in restricting the public's access to specific information in their case "outweighs the public interest in access, particularly . . . [where] the parties themselves placed these [documents] at the center of th[e] controversy. . . ." *Colony*, 698 F.3d at 1241 (denying motions to file parts of briefs and appendices under seal where basis of motions was confidentiality provisions in settlement agreement).

At this time, and given the Court's prior orders allowing the parties to file this information and these documents under seal, Serta may file its *Daubert* motion replies with limited redactions. Serta may also file, in unredacted form, a copy of its *Daubert* motion replies under seal consistent with the Western District of Oklahoma's ECF Policies and Procedures Manual and this Court's Guidelines for Protective Orders on Confidentiality, Sealing Documents, and Redactions in Civil Cases.

Because of the public interest in Court filings, this Order may be revisited, modified, or vacated at any time until the conclusion of this litigation. If, upon its review and consideration, the Court intends to unseal any of these filings, it will give the parties an opportunity to be heard before any filings are unsealed.

IT IS SO ORDERED this 3rd day of December 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE